## HŒPFNER *et al.* v. SEVESTRE.

*(Supreme Court, General Term, First Department.* February 14, 1890.)

**1. VENDOR AND VENDEE—MARKETABLE TITLE.**

Where a testator devises all his property to executors in trust to apply the personalty and the rents of the realty to the payment of his debts and of specific legacies, and, after their payment, then over to designated persons, the trust, even if invalid as such, is good as a power. The testator, therefore, did not die intestate as to any of his property; and a purchaser under a decree of sale rendered in an action for the partition of the land, to which all the devisees and legatees were parties, takes a marketable title, though testator's heirs were not represented.

**2. ADVERSE POSSESSION—INFANTS.**

Even if the heirs, who were then minors, were necessary parties to the partition action, the purchaser, who has been in open and continuous possession for 33 years, has an indefeasible title by adverse possession; Code Civil Proc. N. Y. § 375, providing that, where one is under a disability when his cause of action accrues, the time during which such disability continues shall not be considered in computing the 20 years within which actions for the recovery of land must be brought, but that he must bring his action within 10 years after the disability ceases.

Appeal from special term, New York county.

Action by George Hoepfner and another against August L. Sevestre. The court dismissed the complaint on its merits. Plaintiffs appeal.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*John M. Bowers,* for appellants. *Frederic De P. Foster* and *Russell Benedict,* for respondent.

BARRETT, J. This was an action for the specific performace of a contract for the purchase of real estate. The court at special term dismissed the complaint upon the merits, holding that the plaintiffs were unable to convey a marketable title. The question in dispute arises under the will of one David Reynolds, who died in the year 1844. His will was duly probated in this county on the 15th of June, 1844. The material parts of the two clauses of that will which are now presented for consideration read as follows: "*Sec-*

*ond.* I devise to my executors hereinafter named all my real and personal estate in trust to lease my real estate, and to apply my personal estate, and the rents, issues, and profits of my real estate, to the payment and satisfaction of all my debts hereby made a charge upon my real estate, and to the payment of the annuity or annuities and legacies hereinafter specified. * * * *Eleventh.* Upon the full payment and satisfaction of all my debts and expenses before mentioned, and which are made a charge upon my real estate, (and which I direct first to be paid,) and after the payment of the legacies hereinbefore bequeathed, * * * I give, devise, and bequeath all the rest, residue, and remainder of my estate, real and personal, one-fourth to my son James S. Reynolds and his children; one-fourth to my son John George Reynolds and his children; one-fourth to my daughter Caroline, the wife of Burn W. Budd, and her children; one-eighth to my said son Theodore Augustus Reynolds; and the remaining one-eighth to my said grandson Eugene Augustus."

About 11 years after David Reynolds' death, a suit in equity was brought in this court, by one of his residuary devisees, for a construction of the will, and for the partition and sale of property, which included the premises in question. The residuary devisees, and all persons interested in the estate under the will, as legatees or otherwise, were made parties to that action, which resulted in a decree for the sale of these premises, and their purchase by one Krall, from whom, through a line of subsequent conveyances, the present plaintiffs derive their title. The heirs at law of one Isaac R. Reynolds, a deceased son of David, were, however, not made parties to that suit; and this circumstance constitutes the sole objection to the plaintiffs' title. We think the objection was without reasonable foundation. It matters not whether a valid trust was created by the second clause of David Reynold's will. If a valid trust was so created, the residuary devisees took the fee, from the death of the testator, subject to the execution of such trust. The trustees, it is true, took the legal estate for the purposes of the trust. But upon the termination of the trust, by the fulfillment of its purposes, the devise to the remainder-men took effect. 1 Rev. St. p. 729, § 61. This is one of those cases where two contemporaneous estates in fee are authorized by the Revised Statutes. The estate required for the execution of the trust purposes, of course, takes precedence, but the remainder is nevertheless vested in interest. If, however, the trust was invalid as such, it certainly took effect as a power. In that case the lands passed directly to the residuary devisees, subject to the execution of the power. This is expressly provided where the devise is to trustees to sell or mortgage, without power to receive the rents and profits. Id. § 56. The rule laid down in cases where the entire scheme of the testator's will falls with the declared invalidity of the trust has no application here. The residuary devise stands alone. It is not dependent upon, nor is it complicated with, the trust to lease, and to apply the rents to the payment of debts and legacies. And it would be absurd to say, in the face of this direct expression of the testator's intent, that he died intestate. His heirs at law, as such, had, in our judgment, no interest whatever in these premises when the suit for construction, partition, and sale was commenced; and they were not necessary parties thereto. We may add that the decree in that suit completely terminated the trust or the trust power, as the executor's duties under the will may be viewed, and it makes ample provision for every legacy then unpaid.

If, however, these heirs were necessary parties, adverse possession has long since settled all questions upon that head. Forty-five years have elapsed since the death of David Reynolds, and the probate of his will as a will of real estate. Thirty-three years have elapsed since Krall took possession under his deed given in the partition suit. Since then, he or his grantees have been in open and continuous possession, under claim of specific title derived

from the referee's deed in such partition suit, and the subsequent mesne conveyances. This adverse possession was clearly and abundantly established, and it was sufficient, after this great lapse of time, to fortify and complete even an otherwise doubtful title. *Ottinger* v. *Strasburger*, 33 Hun, 466, and 102 N. Y. 693, *mem.; Shriver* v. *Shriver*, 86 N. Y. 575; and see *Kip* v. *Hirsch*, 18 Abb. N. C. 167; *Bohm* v. *Fay*, Id. 175; Wat. Spec. Perf. § 412. It is said that the heirs were infants, and that consequently the adverse possession did not run against them. Their age does not appear in the case. Their father was dead, however, when the suit for construction, etc., was brought. That was in May, 1855. The referee's deed to Krall was recorded on the 11th of July, 1856. Treating the minority of these infants as commencing at the latter date, (though, of course, they must have been born before then,) the statute certainly ran against them 31 years thereafter; and they were barred upon the 12th of July, 1887. The contract sought to be enforced was made on the 2d day of August, 1888. The 20-years statute of limitations is qualified with regard to infants by the provision of the Code (section 375) that the time of "disability is not a part of the time" limited in the act "for commencing the action, * * * except that the time so limited cannot be extended more than ten years after the disability ceases." Thirty-one years from the date when Krall went into possession under the referee's deed is therefore the extreme allowance permissible to these infants under the Code, and the rules which have been laid down in construing prior enactments of a similar character. *Willson* v. *Betts*, 4 Denio, 201; *Clapp* v. *Bromagham*, 9 Cow. 530. In our judgment the plaintiffs have a good and marketable title, without resort to adverse possession. But with it, and in view of the great length of time which has elapsed since David Reynolds' death, they have an entirely unexceptionable title. The judgment should therefore be reversed, and a new trial ordered, with costs to the appellants, to abide the event.

VAN BRUNT, P. J., concurs.

BRADY, J. I concur on the ground that the title by adverse possession was sufficiently made out.

### APPEAL FROM DENIAL OF MOTION TO SUBMIT FURTHER FINDINGS.

BARRETT, J. In view of the decision upon the main appeal from the judgment, it would be unprofitable to consider the question of practice here presented. This appeal should therefore be dismissed as unnecessary, without costs. All concur.